IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROSA SAMAN                          :

                                    :

        v.                          :    Civil Action No. DKC 12-1083

                                    :

LBDP, INC., et al.                  :

                                    :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is a partial motion to dismiss filed by Defendants LBDP, Inc., Edward S. Sokvary, and Lee Un Yong. (ECF No. 9). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the motion will be granted.

**I.    Background**

According to the complaint, Plaintiff Rosa Saman was employed by Defendant LBDP, Inc., d/b/a La Baguette de Paris ("LBDP"), from approximately August 23, 2009, until she was discharged on February 25, 2012. At all relevant times, Defendants Edward S. Sokvary and Lee Un Yong were "officers" and "controlling shareholders" of LBDP, who "created, maintained and administered" its employment policies, had "the power to hire and fire employees," controlled scheduling, and "handle[d] payroll responsibilities." (ECF No. 1 ¶ 3). Plaintiff alleges

that, throughout her employment, she "typically work[ed] between 55-65 hours per week and sometimes was required to work in excess of 100 hours per week," but "Defendants refused to pay [her] at the rate of one-and-one half (1½) times her regular rate of pay for hours worked per week in excess of forty (40)." (*Id.* at ¶¶ 12, 15). By Plaintiff's estimate, she is "owed at least $16,000 in overtime wages." (*Id.* at ¶ 15).

The complaint further recites that, on or about February 17, 2012, "while working at Defendant LBDP's Silver Spring location, [Plaintiff] was assaulted, harassed, and threatened by Victor Lopez, the spouse of another LBDP employee." (*Id.* at ¶ 16). She applied for a temporary restraining order in the District Court of Maryland for Montgomery County, which was granted on February 22, and a hearing was scheduled for February 29. On February 25, Plaintiff "was notified by Defendant Lee that her employment . . . would be immediately terminated if she continued with the peace order proceedings." (*Id.* at ¶ 19). When Plaintiff refused to dismiss the proceedings, Ms. Lee "immediately terminated [her] employment." (*Id.*).

Plaintiff commenced this action on April 10, 2012, by filing a complaint alleging that Defendants failed to pay her overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* (count one), the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. §§ 3-401 *et seq.*

(count two), and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. §§ 3-501 *et seq.* (count three), and wrongfully terminated her employment in violation of Md. Code Ann., Cts. & Jud. Proc. §§ 3-501 *et seq.* (count four).  On May 11, Defendants filed a partial motion to dismiss, seeking dismissal of count three, pursuant to Fed.R.Civ.P. 12(b)(6), and count four, pursuant to Fed.R.Civ.P. 12(b)(1).  (ECF No. 9). Plaintiff filed a notice of voluntary dismissal as to count three (ECF No. 12), but opposed dismissal of count four (ECF No. 13).  Defendants filed papers in reply.  (ECF No. 15).

## II.  Standard of Review

Defendants challenge subject matter jurisdiction over Plaintiff's wrongful termination claim.  The plaintiff bears the burden of proving that subject matter jurisdiction properly exists in federal court.  *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999).  In considering a Rule 12(b)(1) motion, the court "may consider evidence outside the pleadings" to help determine whether it has jurisdiction over the case before it.  *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Evans*, 166 F.3d at 647.  The court should grant such a motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond*, 945 F.2d at 768.

**III. Analysis**

Federal jurisdiction in this case is predicated on the federal claim presented in count one of Plaintiff's complaint, alleging violation of the FLSA. As the requirements for diversity jurisdiction are not met, the court may exercise supplemental jurisdiction over Plaintiff's state law claims only if they are "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Defendants do not contend that count two, alleging violation of the Maryland Wage and Hour Law, falls outside the scope of the court's supplemental jurisdiction. They do, however, challenge jurisdiction over the wrongful termination claim presented in count four. The question, then, is whether Plaintiff's wrongful termination claim is sufficiently related to the FLSA claim over which the court has original jurisdiction.

Judge Motz identified the general principles governing this issue in *Williams v. Long*, 558 F.Supp.2d 601, 604 (D.Md. 2008):

> As Judge Vratil of the United States District Court for the District of Kansas has stated, "[s]everal courts have rejected the notion that the employer-employee relationship single-handedly creates a common nucleus of operative fact between the FLSA claim and peripheral state law claims." *Wilhelm v. TLC Lawn Care, Inc.*, No. 07-2465, 2008 WL 640733, at *3 (D.Kan. March 6, 2008)

(citing *Lyon v. Whisman*, 45 F.3d 758, 762-64 (3d Cir. 1995) (where the employment relationship is the only link between the FLSA claim and state law claims, no common nucleus of operative fact exists and Article III bars supplemental jurisdiction); *Rivera v. Ndola Pharmacy Corp.*, 497 F.Supp.2d 381, 395 (E.D.N.Y. 2007) (an employment relationship is insufficient to create common nucleus of operative fact where it is the sole fact connecting the FLSA claim to state law claims); *Hyman v. WM Fin. Servs., Inc.*, No. 06-CV-4038, 2007 WL 1657392, at *5 (D.N.J. June 7, 2007) (exercising supplemental jurisdiction over state law claims unrelated to the FLSA claim "would likely contravene Congress's intent in passing FLSA"); *Whatley v. Young Women's Christian Assoc. of Nw. La., Inc.*, No. 06-423, 2006 WL 1453043, at *3 (W.D.La. May 18, 2006) (a general employer-employee relationship does not create a common nucleus of operative fact between the FLSA claim and state claims)).

According to Plaintiff, *Williams* is distinguishable because, unlike the instant case, it involved "state law *counterclaims* against plaintiffs in a collective action under the FLSA." (ECF No. 13, at 3 (emphasis in original)). While this is certainly a distinction, it is one without substance. Indeed, most of the cases cited in *Williams* – and, by extension, *Wilhelm* – were not collective actions, nor were the state law claims presented as counterclaims. *See Lyon*, 45 F.3d at 763 (finding "Article III bars federal jurisdiction" over state law claims where the plaintiff's "FLSA claim involved very narrow, well-defined factual issues about hours worked" and her "state

law contract and tort claims" involved her employer's "alleged underpayment of a bonus and its refusal to pay the bonus . . . if [the plaintiff] started looking for another job"); *Rivera*, 497 F.Supp.2d at 394 (dismissing state law claims where "the only factual link between plaintiff's claims of sexual harassment[,] . . . unlawful retaliation, negligent retention and supervision of a supervisor, intentional infliction of emotional distress, and battery . . . and the FLSA overtime claim is that the underlying events occurred during the course of plaintiff's employment[.]"); *Whatley*, 2006 WL 1453043, at *3 (dismissing state law claims where "the only nexus between Plaintiff's FLSA claim and her state-law claims for invasion of privacy, conversion of personal property, intentional infliction of emotional distress and negligent infliction of emotional distress is the employer-employee relationship"). Plaintiff has not attempted to distinguish those cases, nor does there appear to be a basis for doing so.

Plaintiff argues that the instant case is "more akin to *McFarland v. Virginia Retirement Services*, 477 F.Supp.2d 727 (E.D.Va. 2007)." (*Id*. at 4). While it is true that, in *McFarland*, the court exercised supplemental jurisdiction over the plaintiff's state law wrongful termination claim where federal jurisdiction was predicated on an FLSA claim, there is no indication that the defendants in that case challenged

6

subject matter jurisdiction.   Rather, it appears that the court raised the issue *sua sponte* to satisfy itself that it had jurisdiction to decide the Rule 12(b)(6) motion before it.   The court concluded, without any substantive analysis, that the plaintiff's "state claims [for wrongful discharge and retaliation] plainly arise from the same 'case or controversy' as her federal [FLSA] claim, for both the [FLSA] claim and the state claims arise from the same set of facts, and it would be unreasonable to require that [the plaintiff] pursue her claims in two separate judicial proceedings." *McFarland*, 477 F.Supp.2d at 732.   As support for this conclusion, the *McFarland* court cited *White v. County of Newberry, S.C.*, 985 F.2d 168, 171 (4th Cir. 1993), a case in which the Fourth Circuit found that a state law claim of inverse condemnation was sufficiently related to a federal claim under the Comprehensive Environmental Response, Compensation and Liability Act because both claims "revolve[d] around a central fact pattern," namely the "alleged hazardous waste contamination caused by the County." *White*, 985 F.2d at 172.   It is unclear how the wrongful termination claim presented in *McFarland* involved the same facts as the plaintiff's FLSA claim, nor is it clear how *McFarland* supports the exercise of supplemental jurisdiction in the instant case.

Based on *McFarland*, Plaintiff argues that "[i]t would be unreasonable to require [her] to pursue her claims in two

separate proceedings." (ECF No. 13, at 4). This argument misses the critical point. If Plaintiff's state law wrongful termination and federal FLSA claims do not share a "'common nucleus of operative fact' such that [Plaintiff] would ordinarily be expected to try the claims in one judicial proceeding," *White*, 985 F.2d at 171 (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)), the court lacks subject matter jurisdiction over the state law claim. The question of whether a court may exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), is decidedly different from whether it chooses to do so, pursuant to § 1367(c). The latter question involves the exercise of discretion; the former does not. *See Shahriar v. Smith & Wollensky Restaurant Group, Inc.*, 659 F.3d 234, 245 (2$^{\text{d}}$ Cir. 2011) ("Where section 1367(a) is satisfied, the discretion to decline supplemental jurisdiction is available *only if* founded upon an enumerated category of subsection 1367(c)." (emphasis in original; internal marks omitted)); *Milan Express, Inc. v. Averitt Express, Inc.*, 208 F.3d 975, 980 (11th Cir. 2000) ("Section 1367 . . . reflects a dichotomy between a federal court's power to exercise supplemental jurisdiction, § 1367(a), and its discretion not to exercise such jurisdiction, § 1367(c)").

Here, the burden is on Plaintiff to demonstrate a sufficient nexus between her state and federal claims. Because

she has failed to meet that burden, Defendants' motion to dismiss her wrongful termination claim will be granted.[1]

## IV. Conclusion

For the foregoing reasons, Defendants' partial motion to dismiss will be granted. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge

---

[1] Defendants filed a motion requesting an extension of time to answer the complaint until ten days after the instant opinion and accompanying order are issued. (ECF No. 10). While one district court has held that a partial motion to dismiss does not stay the time for filing a responsive pleading addressing counts not challenged in the motion, *Gerlach v. Michigan Bell Telephone Co.*, 448 F.Supp. 1169, 1174 (E.D.Mich. 1978), that decision has been heavily criticized. *See Tingley Systems, Inc. v. CSC Consulting, Inc.*, 152 F.Supp.2d 95, 122 (D.Mass. 2001) ("Since the issuance of the *Gerlach* decision, no court has relied on its reasoning or followed its rulings."). The vast majority of courts have found it "best to stall the proceedings on all counts until after the court rules on the Rule 12(b)(6) motion." *Godlewski v. Affiliated Computer Servs., Inc.*, 210 F.R.D. 571, 572 (E.D.Va. 2002). This court will follow the majority approach. Accordingly, Defendants' motion for extension of time was unnecessary.